IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRENDA WATSON,**

        **Petitioner,**

   v.                                    **CIVIL ACTION NO. 5:16cv66**
                                                        **(Judge Stamp)**

**JOSEPH COAKLEY,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 18, 2016, the *pro se* Petitioner, Brenda Watson, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking an order that Bureau of Prisons ("BOP") credit her release date with thirteen months' time served as recommended in her sentencing order. On August 26, 2016, the undersigned made a preliminary review of the matter and determined that summary dismissal was not appropriate. Accordingly, the Respondent was directed to show cause why a writ should not be granted. On October 24, the Respondent filed a Motion to Dismiss or, alternatively, for summary judgment. On October 26, 2017, a Roseboro Notice was issued. The Petitioner has never filed a reply.

### II. FACTS

On September 24, 2012, state authorities in Hampshire County, West Virginia arrested the Petitioner for driving with a suspended license. The Petitioner was released from state presentence custody 30 days later on October 23, 2012. On December 7, 2012, the Petitioner was sentenced in state court in Hampshire County, West Virginia

1

for two separate offenses. First, the Petitioner was sentenced to a term of one to three years for "Driving While License Suspended or Revoked." Second, the Petitioner was sentenced to 1 to 5 years for "Delivery of a Controlled Substances to a Confined Adult." The state court directed that the controlled substance charge would run concurrent with the suspended license charge. The state court also directed that the Petitioner be credited for the 30 days she had already spent in state presentence custody.

On December 17, 2012, the Petitioner was taken into state custody to begin serving her state sentences. The West Virginia Division of Corrections ("DOC") calculated that the Petitioner would be discharged from state confinement on May 19, 2015, at the earliest, and on November 17, 2017, at the latest.

On July 24, 2013, the Petitioner was charged with embezzlement by a federal grand jury in the United States District Court for the Northern District of West Virginia. Thereafter, the Court borrowed the Petitioner from state custody pursuant to a writ of habeas corpus ad prosequendum beginning on August 28, 2013. On September 22, 2014, the Court sentenced the Petitioner to 24 months in prison after she pleaded guilty to one count of "Embezzlement of Money of the United States." The Court directed that the 24 month federal sentence would "run consecutively to the defendant's imprisonment under any previously imposed state sentence." However, the Court recommended that the Petitioner "be given credit for time served since August 28, 2013." ECF No. 22-1 at 15. On September 22, 2014, the Petitioner was returned to state custody upon satisfaction of the Federal writ.

On May 19, 2015, West Virginia state authorities discharged the Petitioner's state sentence and released her into the exclusive custody of federal authorities. Thereafter,

the BOP prepared a federal sentence computation for the Petitioner. The computation reflects a 24 month term of confinement commencing on May 19, 2015. The computation reflects no prior custody credit. Based on this computation, the Petitioner is scheduled to be released from BOP custody on February 13, 2017. ECF No. 22-1 at 53.

### III. The Pleadings

The Petitioner's sole claim for relief is that the BOP is "not giving me the 13 months' time served stated from Judge Groh in my Judgment and Commitment Order." ECF No. 1 at 1. More specifically, the Petitioner alleges that the Court gave her 13 months' time served from August 2013 till September 2014, and the BOP is not crediting her with that time. Id.

In support of his Motion to Dismiss or, alternatively, for Summary Judgment, the Respondent argues that:

1. The BOP properly determined that the Petitioner's federal sentence commenced on May 19, 2015, when she was released from state custody and transferred into federal custody.

2. The BOP properly calculated that the Petitioner was not entitled to have her federal sentence reduced to reflect the time that the Court borrowed her from state custody to address federal embezzlement charges.

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th

Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id.  Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal,

4

where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

### V.   ANALYSIS

Review of this petition must start with the basic premise that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a). In addition, a defendant must be given credit 'for any time [s]he has spent in official detention prior to the date the sentence commences...that has not been credited against another sentence.' 18 U.S.C. 3585(b)" King v. DeBoo, 2012 WL 1119763, *2 (N.D. W.Va. Apr. 3, 2012) (Bailey).

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(emphasis added).

In Wilson, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. 329 at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States

v. Brown, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774, 1995 WL 298086 (4th Cir. May 17, 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

In the instant case, the Petitioner began serving her state sentence on December 17, 2012. At that time, the West Virginia Division of Corrections calculated that she would be released from state custody, at the earliest, on May 19, 2015. The District Court did not issue the writ of habeas corpus ad prosequendum until August 28, 2013. The Petitioner was subject to the writ from August 28, 2013, until the District Court sentenced her on September 22, 2014. The Petitioner was released from state custody on May 19, 2015, the earliest possible date. Therefore, it is clear that she received credit toward her state sentence to reflect the entire time that she was subject to the federal writ. Because the Petitioner received credit toward her state sentence for the entire duration of her federal writ, statutory mandates preclude her from receiving duplicative credit for this time toward her federal sentence.

The undersigned recognizes that the District Judge recommended that the Petitioner be given credit for the time she was borrowed pursuant to the federal writ. However, the BOP has the exclusive authority to compute a federal offender's prison sentence, including any reduction to reflect prior custody. United States v. Wilson, 503 U.S. 329, 334-35 (1992). A sentencing court does not have the authority to compute or apply prior custody credits to a federal prison sentence. United States v. Vance, 563 F.

App'x 277, 278 (4th Cir. 2014) (per curiam) (citing Wilson, 503 U.S. at 334). The credit which the District Judge recommended is not authorized by federal statute or BOP policies. Therefore, the BOP was unable to honor the recommendation[1], and the Petitioner's habeas petition is due to be dismissed for failure to state a claim upon which relief can be granted.

Moreover, Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In filing her petition, it is clear that the Petitioner's ultimate goal was be released from the custody of the BOP sooner than the projected satisfaction date of February 13, 2017, as calculated by the Designation and Sentence Computation Center. ECF No. 1-4 at 1. Although the Petitioner has not provided the Court with a change of address, the BOP website indicates that she was released from their custody on February 13, 2017. Accordingly, even if the Petitioner had advanced a colorable argument, there is no relief which this Court can provide in light of her release, and the case is now moot.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss or, alternatively, for Summary Judgment [ECF No. 21] be **GRANTED**,

---

1 Pursuant to BOP Policy Statement 5880.28, "Sentence Computation Manual (CCA of 1984), "[s]hould the Judgment and Commitment Order make a recommendation that a period of time be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage and the credit will not be allowed." ECF No. 22-1 at 50.

and the Petition [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file written objections with the Clerk of the Court identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet.  The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: March 20, 2017

                                            */s Robert W. Trumble*
                                        ROBERT W. TRUMBLE
                                        UNITED STATES MAGISTRATE JUDGE