IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRENDA WATSON,

    Petitioner,

v.                                    Civil Action No. 5:16CV66
                                                (STAMP)

JOSEPH COAKLEY, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND GRANTING RESPONDENT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

I.    Procedural History

The pro se[1] petitioner, Brenda Watson, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). In her petition for habeas corpus, the petitioner seeks an order directing the Bureau of Prisons ("BOP") to credit her release date with thirteen months time served as recommended in her sentencing order. The action was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

Thereafter, the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment. The magistrate judge issued a Roseboro Notice to the petitioner, but the petitioner did

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

not file a response to the respondent's motion. The magistrate judge then filed a report and recommendation recommending that this Court grant the respondent's motion to dismiss or, in the alternative, motion for summary judgment and deny and dismiss with prejudice the § 2241 petition. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

## II. Facts

The petitioner was charged with embezzlement by a federal grand jury in the United States District Court for the Northern District of West Virginia while in state custody. Thus, the Court borrowed the petitioner from state custody pursuant to a writ of habeas corpus ad prosequendum. The petitioner pled guilty to one count of embezzlement, and the Court sentenced her to 24 months imprisonment and directed that the 24-month federal sentence would "run consecutively to the defendant's imprisonment under any previously imposed state sentence." The Court recommended that the petitioner "be given credit for time served since August 28, 2013," and the petitioner was returned to state custody on September 22, 2014, upon satisfaction of the federal writ.

West Virginia state authorities discharged the petitioner's state sentence and released her into federal custody on May 19,

2

2015. The BOP's subsequent federal sentence computation for the petitioner reflects a 24-month term of confinement commencing on May 19, 2015, with no prior custody credit. Based on that computation, the petitioner was scheduled to be released from federal custody on February 13, 2017.

In support of his motion to dismiss or, alternatively, motion for summary judgment, the respondent argues that (1) the BOP properly determined that the petitioner's federal sentence commenced on May 19, 2015, when she was released to federal custody; and (2) the BOP properly calculated that the petitioner was not entitled to have her federal sentence reduced to reflect the time that the Court borrowed her from state custody to address federal embezzlement charges.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

IV. Discussion

This Court finds that the magistrate judge correctly found that, because the petitioner received credit toward her state sentence for the entire duration of her federal writ, statutory mandates preclude her from receiving duplicative credit for that time toward her federal sentence. 18 U.S.C. § 3585(b); see United States v. Wilson, 503 U.S. 329, 337 (1992) (holding that, under § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time"). The magistrate judge acknowledged that the sentencing court did recommend that the petitioner be given credit for the time she was borrowed pursuant to the federal writ, but the magistrate judge also correctly pointed out that a sentencing court does not have the authority to compute or apply prior custody credits to a federal prison sentence. The BOP has the exclusive authority to compute a federal offender's prison sentence and was unable to honor the district judge's recommendation because the recommendation was not authorized by federal statute or BOP policies. See Wilson, 503 U.S. at 335 ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

Additionally, the magistrate judge correctly found that the case is now moot because the petitioner was released from federal custody on February 13, 2017. See Powell v. McCormick, 395 U.S.

4

486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). In filing her petition, the petitioner's ultimate goal was to be released from federal custody sooner than the projected satisfaction date of February 13, 2017, as calculated by the Designation and Sentence Computation Center. Thus, in light of her release, the magistrate judge is correct that there is no relief that this Court can provide to the petitioner.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 25) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. Additionally, the respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 21) is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 11, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE